# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

EPRO SERVICES, INC.,

    *Plaintiff,*

vs.

Case No. 19-1220-EFM

REGENESIS BIOREMEDIATION PRODUCTS,

    *Defendant.*

## MEMORANDUM AND ORDER

Before the Court is Defendant Regenesis Bioremediation Products' Motion to Dissolve a Temporary Restraining Order (Doc. 3). Plaintiff EPRO Services, Inc. ("EPRO") originally filed the underlying case in Sedgwick County District Court on August 23, 2019, additionally seeking and obtaining a Temporary Restraining Order. Regenesis promptly removed that case to this Court and moved to dissolve the TRO and compel arbitration. The Court considered counsels' arguments on the motion to dissolve in a hearing on August 27, 2019. For the reasons stated at the hearing, and summarized below, the Court grants—as of the close of the August 27 hearing—Regenesis' motion to dissolve.

## I. Factual and Procedural Background

EPRO is a Kansas corporation that manufacturers and sells chemical products used to prevent hazardous chemical leaks at brownfield construction sites. Regenesis is a California corporation that markets and sells bioremediation products to environmental consulting, engineering, and construction firms. EPRO and Regenesis entered into a Joint Marketing Agreement ("JMA") under which Regenesis agreed to market EPRO's System III, a product that seals brownfield construction sites to prevent environmentally dangerous gasses from leaking out. The JMA granted Regenesis the exclusive right to promote, market, distribute, and sell this product, which Regenesis later trademarked as GEO-SEAL.[1]

In addition to the substantive rights and obligations mentioned above, the JMA includes an arbitration provision which states:

> Paragraph XXII. Miscellaneous, c. Disputes: In the event that any disagreement arises between the parties hereto with reference to this Agreement upon which the parties cannot agree, then such disagreement shall be referred to binding arbitration, which shall be conducted in accordance with the Commercial Arbitration Rules of the American Arbitration Association.

After some time, Regenesis began selling its own proprietary product, named Nitra-Seal, which it allegedly marketed to certain customers as superior to GEO-SEAL. As a result, a dispute arose amongst the parties as to whether Regenesis had improperly used its position of trust with EPRO to effectively copy GEO-SEAL and sell it under a different brand. On Friday, August 23, 2019, EPRO filed a lawsuit in Sedgwick County District Court alleging that Regenesis misappropriated EPRO's confidential and proprietary information, trade secrets, and intellectual

---

[1] Geo-Seal is a federally registered trademark that Regenesis alleges it owns.

property in violation of the Kansas Uniform Trade Secrets Act,[2] breached its fiduciary duty to EPRO, converted EPRO's property, and breached the JMA.[3]

In addition to filing suit on August 23, EPRO sought and obtained a TRO enjoining Regenesis from: (1) using or reproducing EPRO's confidential and proprietary information and trade secrets; (2) directly or indirectly destroying or removing EPRO's confidential and proprietary information and trade secrets, documents, information, or data; (3) directly or indirectly using the GEO-SEAL trademark; and (4) disparaging or otherwise implying that GEO-SEAL is less than suited for use in brownfield construction projects.

Regenesis promptly removed the case to this Court, seeking to dissolve the TRO and compel arbitration. Regenesis argues that the Court should dissolve the TRO because (1) the state court lacked proper jurisdiction to issue the TRO; (2) the TRO was issued without notice and there was no justifiable basis to issue the TRO; and (3) EPRO's Verified Petition lacks any showing of irreparable injury, loss, or damage that would result if the TRO is dissolved. The Court considered counsels' arguments in a hearing on August 27, 2019. For the reasons stated below, the Court grants Regenesis's motion.

## II. Legal Standard

All injunctions, including temporary restraining orders, issued by a state court "prior to . . . removal . . . remain in full force and effect until dissolved or modified by the district court."[4] However, once an action is removed from state court, "federal rather than state law governs the

---

[2] K.S.A. 60-3320, *et seq.*

[3] Regenesis also asserts that EPRO breach the JMA.

[4] 28 U.S.C. § 1450.

-3-

future course of proceedings, notwithstanding state court orders issued prior to removal."[5] Furthermore, when evaluating a motion to dissolve a temporary restraining order issued by a state court before removal, "federal law is applied as though the action was originally commenced [in federal court]."[6] Federal courts reviewing a TRO issued by a state court before removal have the authority to dissolve the TRO.[7]

Under Federal Rule of Civil Procedure 65(b)(4), the party against whom a temporary restraining order has issued may move to dissolve or modify the order, and the court must then promptly hear and decide the motion.[8] In seeking continued injunctive relief, the plaintiff has the burden of showing a right to the relief.[9] The motion to dissolve may be granted where the temporary restraining order was improperly issued.[10]

### III.  Analysis

For the purposes of this motion only, the Court assumes that this matter will ultimately be sent to arbitration. The Court further assumes that it has the ability to preliminarily grant injunctive relief prior to directing that the case be arbitrated. Following those assumptions, however, the

---

[5] *Granny Goose Foods, Inc. v. Bhd. of Teamsters and Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 437 (1974).

[6] *Rabbi Jacob Joseph Sch. v. Province of Mendoza*, 342 F. Supp. 2d 124, 127 (E.D.N.Y. 2004) (citing Wright & Miller, 14C Fed. Prac. & Proc. Juris. § 3738).

[7] *See Southern Ohio Sand, LLC v. Preferred Proppants, LLC*, 2016 U.S. Dist. LEXIS 50516, at *3-5 (N.D. Ohio 2016) (federal district court granting motion to dissolve a TRO from a state court, even though the parties were bound by an arbitration agreement).

[8] Fed. R. Civ. P. 65(b)(4).

[9] *See Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974) (stating "[a preliminary injunction] is an extraordinary remedy, not available unless the plaintiff carries his burden of persuasion as to all of the four prerequisites.")

[10] *See Southern Ohio*, 2016 U.S. Dist. LEXIS 50516 at *2.

Court concludes that EPRO has not sufficiently shown that it is substantially likely to succeed on the merits of any of its four claims related to the TRO.

A TRO is an emergency remedy which courts may only issue in exceptional circumstances, and only until the court can hear arguments or evidence on the subject matter of the controversy.[11] A TRO "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion."[12] In order to obtain a TRO, a plaintiff must establish: (1) that it will suffer an irreparable injury absent an injunction; (2) that the threatened injury outweighs the harm an injunction may cause the opposing party; (3) that an injunction would not be adverse to the public interest; and (4) that it is substantially likely to prevail on the merits.[13]

The Court concludes that EPRO has not sufficiently shown it is substantially likely to prevail on the merits of its claims. At the August 27 hearing, EPRO presented four claims for injunctive relief. First, EPRO argues that Regenesis's use of EPRO's "proprietary information" causes it irreparable injury. However, EPRO merely logically deduces—based on the similarity between GEO-SEAL and Nitra-Seal—that Regenesis is using EPRO's proprietary information. Counsel admitted to the Court that it had no corroborating evidence for this assumption. Second, EPRO alleges that Regenesis is "destroying or removing" its proprietary information. While the Court is unclear exactly what EPRO attempts to allege under this claim, suffice it to say that if EPRO has not shown how Regenesis is actually using the proprietary information, it cannot show how Regenesis is destroying or removing that information. Third, EPRO seeks to enjoin Regenesis

---

[11] *West v. Derby Unified Sch. Dist. No. 260*, 23 F. Supp. 2d 1220, 1221 (D. Kan. 1998).

[12] *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (internal citations and quotations omitted).

[13] *State of Utah v. Babbitt*, 137 F.3d 1193, 1200 n. 7 (10th Cir. 1998).

from using the GEO-SEAL trademark. However, Regenesis argues that it owns a federally registered trademark for GEO-SEAL, while EPRO alleges that a contractual agreement assigns ownership of the GEO-SEAL trademark to EPRO. However, EPRO has not raised a claim regarding ownership of that trademark in this Court or at the United States Patent and Trademark Office, and it is by no means clear that it would be substantially likely to succeed on the merits of that claim. Without further evidence, the Court does not have a basis to enjoin Regenesis from using the mark it may rightfully own.

Lastly, EPRO's fourth claim for injunctive relief is that Regenesis is disparaging or otherwise implying that GEO-SEAL is less suited than Nitra-Seal for use in brownfield construction sites. The JMA contains no explicit non-disparagement provision, but rather requires the parties to "use their joint efforts to market and sell gas barrier and venting systems to customers in the brownfield construction industry" and "cooperate with the other party to market such systems to prospective customers." Nothing in the JMA restricts Regenesis from selling competing products. Regenesis is still, in fact, selling GEO-SEAL, even if it is additionally marketing Nitra-Seal for similar use. EPRO fails to show that Regenesis is doing anything other than simply marketing a competing product—recommending Nitra-Seal for an alternative use that Regenesis claims it is better suited for than GEO-SEAL. This is different from a hypothetical scenario evincing disparagement whereby Regenesis entirely removed GEO-SEAL from the market, replaced it with Nitra-Seal, and told customers that Nitra-Seal is superior to GEO-SEAL in every use and setting. Lacking other evidence of disparagement, the Court concludes that EPRO also fails to show that it is substantially likely to succeed on the merits of its fourth claim of injunctive relief.

For the reasons stated above, the Court concludes that EPRO has failed to meet its burden to show that it is substantially likely to succeed on the merits of its claims.

**IT IS THEREFORE ORDERED** that Defendant Regenesis Bioremediation Products' Motion to Dissolve a Temporary Restraining Order (Doc. 3) is **GRANTED.**

**IT IS SO ORDERED.**

Dated this 28th day of August, 2019.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE