IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EPRO SERVICES, INC.,

    *Plaintiff,*

vs.

Case No. 19-1220-EFM

REGENESIS BIOREMEDIATION
PRODUCTS,

    *Defendant.*

**MEMORANDUM AND ORDER**

Before the Court is Defendant Regenesis Bioremediation Products' Motion to Compel Arbitration and Stay Further Proceedings Pending Arbitration (Doc. 8). Plaintiff EPRO Services, Inc. ("EPRO") originally filed the underlying case in Sedgwick County District Court on August 23, 2019, additionally seeking and obtaining a Temporary Restraining Order. Regenesis promptly removed that case to this Court and moved to dissolve the TRO and compel arbitration. The Court granted Regenesis's motion to dissolve on August 27, 2019. The Court now grants Regenesis's motion to compel arbitration.

**I.    Factual and Procedural Background**

EPRO is a Kansas corporation that manufactures and sells chemical products used to prevent hazardous chemical leaks at brownfield construction sites. Regenesis is a California

corporation that markets and sells bioremediation products to environmental consulting, engineering, and construction firms. EPRO and Regenesis entered into a Joint Marketing Agreement ("JMA") under which Regenesis agreed to market EPRO's System III, a product that seals brownfield construction sites to prevent environmentally dangerous gasses from leaking out. The JMA granted Regenesis the exclusive right to promote, market, distribute, and sell this product, which Regenesis later trademarked as GEO-SEAL.[1]

In addition to the substantive rights and obligations mentioned above, the JMA includes an arbitration provision which states:

> Paragraph XXII. Miscellaneous, c. Disputes: In the event that any disagreement arises between the parties hereto with reference to this Agreement upon which the parties cannot agree, then such disagreement shall be referred to binding arbitration, which shall be conducted in accordance with the Commercial Arbitration Rules of the American Arbitration Association.

After some time, Regenesis began selling a proprietary product, named Nitra-Seal, which it allegedly marketed to certain customers as superior to GEO-SEAL. As a result, a dispute arose amongst the parties as to whether Regenesis had improperly used its position of trust with EPRO to effectively copy GEO-SEAL and sell it under a different brand. On Friday, August 23, 2019, EPRO filed a lawsuit in Sedgwick County District Court alleging that Regenesis misappropriated EPRO's confidential and proprietary information, trade secrets, and intellectual property in violation of the Kansas Uniform Trade Secrets Act,[2] breached its fiduciary duty to EPRO, converted EPRO's property, and breached the JMA.[3]

---

[1] Geo-Seal is a federally registered trademark that Regenesis alleges it owns.

[2] K.S.A. § 60-3320, *et seq.*

[3] Regenesis also asserts that EPRO breach the JMA.

In addition to filing suit on August 23, EPRO sought and obtained a TRO against Regenesis. Regenesis promptly removed the case to this Court, seeking to dissolve the TRO and compel arbitration. The Court considered counsels' arguments in a hearing on August 27, 2019, and granted Regenesis's motion to dissolve. The Court will now consider Regenesis's motion to compel arbitration and stay further proceedings.

## II.     Legal Standard

"In enacting § 2 of the [F]ederal [Arbitration] Act (the "FAA"), Congress declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration."[4] The Tenth Circuit recognizes that the Arbitration Act "manifests a liberal federal policy favoring arbitration."[5] If a court finds that the allegations of the petition fall within the scope of an enforceable agreement to arbitrate, it must stay those claims subject to arbitration and order the plaintiff to pursue them in arbitration.[6] Under those circumstances, the Supreme Court has held that there is "no room for the exercise of discretion," and a stay is required until the plaintiff has arbitrated each claim encompassed by the arbitration clause.[7]

## III.     Analysis

The parties do not dispute that the JMA contains a valid arbitration provision or that the Court should send this case to arbitration. However, EPRO argues that the Court should retain

---

[4] *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984).

[5] *Image Software, Inc. v. Reynolds and Reynolds Co.*, 459 F. 3d 1044, 1055 (10th Cir. 2006) (internal citations omitted).

[6] 9 U.S.C. § 3.

[7] *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985).

jurisdiction over requests for preliminary injunctive relief. Conversely, Regenesis argues that the Court should stay all proceedings—including requests for preliminary injunctive relief—pending arbitration.

The Court heard counsels' arguments regarding preliminary injunctive relief at the hearing on August 27. As stated then, and reiterated in its written order, the Court dissolved EPRO's temporary restraining order. Under the facts of the case as it now stands, the Court sees no reason why it would grant preliminary injunctive relief upon a renewed motion from EPRO. Any disputes between the parties going forward should be settled by arbitration as provided for under the JMA. Therefore, the Court grants Regenesis's motion to compel arbitration and stay further proceedings.

**IT IS THEREFORE ORDERED** that Defendant Regenesis Bioremediation Products' Motion to Compel Arbitration and Stay Further Proceedings Pending Arbitration (Doc. 8) is **GRANTED.**

**IT IS SO ORDERED.**

Dated this 4th day of September, 2019.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE